IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALTER E. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-008 |
| | ) | |
| JACOB BEASLEY, Warden, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

**I.    BACKGROUND**

A Richmond County Superior Court jury convicted Petitioner of burglary, and the trial court sentenced him to a twenty-year sentence of incarceration. (Doc. no. 1, pp. 1-2.) Petitioner filed a motion for new trial, which the trial court denied. Harris v. State, 322 Ga. App. 122, 122 (2013). The Georgia Court of Appeals affirmed the judgment of conviction

---

[1] The Court **DIRECTS** the **CLERK** to update the docket consistent with the above caption, including terminating Smith State Prison as Respondent, because the only proper Respondent is Jacob Beasley, the Warden at Smith State Prison, Petitioner's current place of incarceration. See Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d).

on June 4, 2013.  (Id. at 2); see also Harris, 322 Ga. App. 122.  Petitioner does not report filing any additional direct appeal proceedings.  (Doc. no. 4, p. 8.)

Petitioner filed a state habeas corpus petition in 2014 in the Superior Court of Tattnall County, 2014-HC-29-CR, and he reports that petition was denied in 2014, though the publicly available web docket notes a Final Order by the state habeas court entered March 15, 2016.  (Id. at 4); Tattnall Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Party Name," Tattnall County Superior Court; then search for "Harris, Walter"; and open SUHC2014000029, last visited Jan. 13, 2025) (hereinafter "2014-HC-29-CR").[2]  Petitioner does not report he filed a certificate of probable cause to appeal the state habeas court's ruling to the Georgia Supreme Court.  (Doc. no. 1, p. 3.)

Petitioner executed the instant federal habeas corpus petition on December 28, 2024, and the Clerk of Court filed it on January, 13, 2025.  (Id. at 1, 7.)  In this petition, Petitioner challenges (1) the knowing and voluntarily nature of his not guilty plea, (2) a lack of evidence to support his arrest, (3) ineffective assistance of trial counsel, and (4) a coerced confession.  (Id. at 5.)

II.    DISCUSSION

   A.    The Petition Is Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Accordingly, for a Georgia defendant who has his or her conviction affirmed on direct appeal by the Court of Appeals but does not petition for certiorari to the Georgia Supreme Court, the conviction becomes final when the twenty days to petition for certiorari expires without filing such a petition. Stubbs, 840 S.E.2d at 413 (citing Ga. Sup. Ct. R. 38(2)). This is so because the United States Supreme Court does not allow filing for a writ of certiorari

unless a judgment "has been entered by a state court of last resort." Id. (citing U.S. Sup. Ct. R. 13.1). As Petitioner did not seek a writ of certiorari from Georgia's Supreme Court, his convictions became final on June 24, 2013, twenty days after the Court of Appeals affirmed his convictions on June 4, 2013. See id. at 414-15.

Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). By the time Petitioner filed his first state habeas petition on May 14, 2014, 324 days of his one-year statute of limitations had already elapsed.

The one-year clock was then tolled throughout the state habeas corpus proceedings. The state habeas court issued its ruling denying relief on March 15, 2016,[3] but Petitioner failed to properly file a CPC application with the Georgia Supreme Court within the thirty days allowed by O.C.G.A. 9-14-52(b). Nowhere does Petitioner allege he filed a CPC application. Thus, the face of the petition shows Petitioner did not timely file a CPC application with the Georgia Supreme Court.

Because the CPC application was not filed, let alone "properly filed" pursuant to § 2244(d), it had no tolling effect on the AEDPA statute of limitation. See Wade v. Battle, 379 F.3d 1254, 1262-64 (11th Cir. 2004); see also Clemons v. Comm'r, Ala. Dep't Corr.,

---

[3] Petitioner reports his state habeas proceedings concluded in "2014[, d]on't remember date." (Doc. no. 1, p. 3.) However, in light of publicly available court records discussed *supra*, the Court grants Petitioner the benefit of the March 15, 2016, date of the state habeas court's Final Order. See 2014-HC-29-CR.

4

967 F.3d 1231, 1240-41 (11th Cir. 2020) (explaining post-conviction filing not made in compliance with state procedural rules does not qualify for statutory tolling under § 2244). Thus, the tolling resulting from Petitioner's state habeas proceedings ended on April 14, 2016, the thirty-day deadline by which the CPC application was due to the Georgia Supreme Court pursuant to O.C.G.A. § 9-14-52(b). At that point, Petitioner had 32 days left on his one-year statute of limitations.

Petitioner then waited eight years and eight months to file this federal habeas corpus petition on December 28, 2024, the date on which Petitioner declared under penalty of perjury he executed the federal petition and placed it in the prison mailing system.[4] (Doc. no. 1, p. 7.) The petition was filed over eight years after expiration of the one-year statute of limitations, so Petitioner's current federal challenge is time-barred and should be dismissed.

> B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408,

---

[4] Under the "prison mailbox rule," Petitioner's *pro se* filing is deemed filed on the date of delivery to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988); Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (*per curiam*).

418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown he satisfies the test for application of equitable tolling

or that a miscarriage of justice will occur if his claims are not considered. Petitioner has not shown extraordinary circumstances stood in his way and that he has been pursuing his rights diligently. Instead, Petitioner repeatedly explains he "wasn't knowledgeable enough," lacked understanding of the law, and "wasn't ready" during earlier phases of his criminal and state habeas proceedings. (Doc. no. 1, p. 3.) However, ignorance of the law is not an extraordinary circumstance that would justify equitable tolling. The Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as extraordinary circumstances). Eleventh Circuit precedent is clear a petitioner in federal court seeking to invoke equitable tolling must explain "any independent efforts he made to determine when the relevant limitations period began to run." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citation omitted), *opinion modified on rehr'g on other grounds*, 459 F.3d 1310 (11th Cir. 2006); Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (finding no basis for equitable tolling "especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline"). Petitioner does not argue, let alone provide any factual detail to support a finding, he made any efforts to determine when his federal statute of limitations began to run. In sum, Petitioner has not satisfied the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*).

Nor has Petitioner shown a miscarriage of justice will occur if his claims are not considered. Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Rather, Petitioner merely makes unsubstantiated claims he was wrongfully convicted, but provides no new evidence to support his claims. For all of these reasons, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of January, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA